## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TYRONE HURT,

          **Plaintiff,**

v.                                 **Case No:   6:14-cv-469-Orl-18GJK**

**STATE OF FLORIDA LEGISLATIVE**
**BODY,**

          **Defendant.**

_____

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **March 21, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case
be **DISMISSED as frivolous**.

## I.   BACKGROUND.

This case presents with some pertinent history.   On January 2, 2013, Plaintiff filed a

complaint against George Zimmerman and the State of Florida Legislative Body.   *Hurt v.*

*Zimmerman, et al*., Case No. 6:13-cv-38-Orl-36DAB, Doc. No. 1.   Plaintiff also filed a motion

requesting leave to proceed *in forma pauperis*.   *Id*. at Doc. No. 2.   The gravamen of the complaint

challenged the enactment of Fla. Stat. § 776.013(3) – colloquially known as the "Stand Your

Ground" law – as well as George Zimmerman's reliance thereon.   *See Hurt v. Zimmerman, et al*.,

Case No. 6:13-cv-38-Orl-36DAB, 2013 WL 315697, at *2 (M.D. Fla. Jan. 10, 2013).   On January 10, 2013, Magistrate Judge David A. Baker entered a report and recommendation, in which he found the complaint to be frivolous and recommended that the Court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint with leave to file an amended complaint. *Id*.   On January 28, 2013, the Court entered an order adopting Judge Baker's report and recommendation and dismissing the complaint with leave to file an amended complaint.   *Hurt v. Zimmerman, et al*., Case No. 6:13-cv-38-Orl-36DAB, 2013 WL 315689, at *1 (M.D. Fla. Jan. 28, 2013).   On September 10, 2013, the Court entered an order directing the Clerk to close the case because Plaintiff did not file an amended complaint within the time provided.   *Hurt v. Zimmerman, et al*., Case No. 6:13-cv-38-Orl-36DAB, Doc. No. 9.

On March 21, 2014, Plaintiff filed a complaint (the "Complaint") against Defendant, pursuant to 42 U.S.C. § 1983.   Doc. No. 1 at 1.   The gravamen of the Complaint is that Defendant's enactment of the "Stand Your Ground" law violates the United States Constitution and human rights.   Doc. No. 1 at 1-4.   The Complaint requests the following relief: 1) the exile of all legislative bodies that have enacted "Stand Your Ground" laws; 2) the exile of George Zimmerman; and 3) one trillion dollars ($1,000,000,000,000,000.00) from "the legislative bodies in the State of Florida and across [the United States]."   Doc. No. 1 at 5.[1]   Now before the Court is Plaintiff's motion requesting leave to proceed *in forma pauperis* (the "Motion").   Doc. No. 1 at 4.   Notably, the Motion is not filed as a separate document, but is imbedded in the Complaint. Doc. No. 1 at 4.   Nothing in the Federal Rules of Civil Procedure or Local Rules of this District

---

[1] Despite Plaintiff's requests for exile, the undersigned construes this action as one for monetary damages since Plaintiff has not cited, nor is the undersigned aware of, any basis in common or statutory law that provides for exile as a form for relief.

permit a pleading to contain a motion.   Despite this fact, the undersigned, given the allegations in the Complaint, will proceed to address the Motion as though it was filed apart from the Complaint.

## II.   <u>LAW.</u>

### A.  The Statute and Local Rules.

The district court is required to review all civil complaints filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim.   *See* 28 U.S.C. § 1915.   The mandatory language of § 1915 applies to all proceedings *in forma pauperis*.[2]   Section 1915 provides, in relevant part, as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal –
> > (i)   is frivolous or malicious;
> > (ii)   fails to state a claim on which relief may be granted; or
> > (iii)   Seeks monetary relief against a defendant who is immune from such relief.

*Id*. § 1915(e)(2).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*.   *See* Local Rule 4.07.   Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.   Local Rule 4.07(a).   The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.   Local Rule 6.01(c)(18).   With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make

---

[2] Despite § 1915's reference to actions instituted by prisoners, the section applies to all persons requesting leave to proceed *in forma pauperis*.   *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

recommendations to the district judge.  *Id.*  The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07(a).

**B.  Discretion under § 1915.**

"Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit."  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  Accordingly, § 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.  *Id.*; *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).

**C.  Frivolous Actions under § 1915.**

A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[3]  Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]"  *Id.* at 327.  A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).  Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

---

[3] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

**D.** *Pro Se* **Plaintiff.**

While *pro se* pleadings must be liberally construed, *Berkery v. Kaplan*, 518 F. App'x 813, 814 (11th Cir. 2013), a *pro se* plaintiff "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, if Plaintiff continues *pro se*, he must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

**III.** **ANALYSIS.**

As was the case in *Hurt v. Zimmerman*, the Complaint fails to demonstrate that Plaintiff has standing to challenge Florida's "Stand Your Ground" law. The threshold showing of an actual case or controversy requires that a plaintiff "must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1251 (11th Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must allege "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions[.]" *Baker v. Carr*, 369 U.S. 186, 204 (1962). Here, Plaintiff, a resident of the District of Columbia (Doc. No. 1 at 1), has not pled the type of immediate, particularized injury-in-fact required to establish standing. *See Lance v. Coffman*, 549 U.S. 437, 440 (2007) ("To have standing . . . a plaintiff must have more than 'a general interest common to all members of the public.'"). Specifically, Plaintiff does not assert that he was personally injured by any application of the "Stand Your Ground" law, and there are no allegations sufficient to establish that he has standing to contest the same on constitutional (or other) grounds. *See* Doc. No. 1.

Moreover, a state legislature and its members are absolutely immune from an action for damages under § 1983 where the challenged act falls within the sphere of legitimate legislative activity. *Tenney v. Brandhove*, 341 U.S. 367, 376-9 (1951); *see Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731-34 (1980). ("Thus, there is little doubt that . . . if suit had been brought against the legislature, its committees, or members for refusing to amend the Code . . . the defendants in that suit could successfully have sought dismissal on the grounds of absolute legislative immunity."). Here, Plaintiff challenges the enactment of the "Stand Your Ground" law. Doc. No. 1 at 2-4. The enactment of a law, such as the "Stand Your Ground" law, falls squarely within the sphere of legitimate legislative activity. *See, e.g.*, *Masses Pub. Co. v. Patten*, 246 F. 24, 30 (2nd Cir. 1917) ("It is the function of the legislative department to enact law[.]"). Therefore, Defendant is immune from Plaintiff's action for damages under § 1983.

In light of the foregoing, the undersigned finds that the Complaint is frivolous. Given the frivolous nature of the Complaint and Plaintiff's history of filing frivolous complaints in this Court and others,[4] the undersigned finds that the Complaint should be dismissed without providing Plaintiff with an opportunity to amend the same.

## IV. <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 2) be **DENIED**;

2. The Complaint (Doc. No. 1) be **DISMISSED** as frivolous; and

3. Direct the Clerk to close the case.

---

[4] The Circuit Court for the District of Columbia has prospectively barred Plaintiff from proceeding *in forma pauperis* in all future civil appeals due to his filing of dozens of frivolous appeals. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308 (D.C. Cir. 2008) (per curiam).

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 15, 2014.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy