UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TYRONE HURT,**

        **Plaintiff,**

**v.**                                                             **Case No: 6:14-cv-469-Orl-18GJK**

**STATE OF FLORIDA LEGISLATIVE
BODY,**

        **Defendant.**

___

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS AND APPOINT COUNSEL (Doc. No. 9)**
>
> **FILED:**     May 15, 2014
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.**     **BACKGROUND.**

This case presents some pertinent history. On January 2, 2013, Plaintiff filed a complaint against George Zimmerman and the State of Florida Legislative Body. *Hurt v. Zimmerman, et al.*, Case No. 6:13-cv-38-Orl-36DAB, Doc. No. 1. Plaintiff also filed a motion requesting leave to proceed *in forma pauperis*. *Id*. at Doc. No. 2. The gravamen of the complaint challenged the enactment of Fla. Stat. § 776.013(3) – colloquially known as the "Stand Your Ground" law – as well as George Zimmerman's reliance thereon. *See Hurt v. Zimmerman, et al.*, Case No. 6:13-cv-38-Orl-36DAB, 2013 WL 315697, at *2 (M.D. Fla. Jan. 10, 2013). On January 10, 2013,

Magistrate Judge David A. Baker entered a report and recommendation, in which he found the complaint to be frivolous and recommended that the Court deny Plaintiff's motion to proceed *in forma pauperis* and dismiss the complaint with leave to file an amended complaint. *Id*. On January 28, 2013, the Court entered an order adopting Judge Baker's report and recommendation, and dismissing the complaint with leave to file an amended complaint. *Hurt v. Zimmerman, et al*., Case No. 6:13-cv-38-Orl-36DAB, 2013 WL 315689, at *1 (M.D. Fla. Jan. 28, 2013). On September 10, 2013, the Court entered an order directing the Clerk to close the case because Plaintiff did not file an amended complaint within the time provided. *Hurt v. Zimmerman, et al*., Case No. 6:13-cv-38-Orl-36DAB, Doc. No. 9.

On March 21, 2014, Plaintiff filed a complaint (the "Complaint") against Defendant, pursuant to 42 U.S.C. § 1983. Doc. No. 1 at 1. The gravamen of the Complaint is that Defendant's enactment of the "Stand Your Ground" law violates the United States Constitution and human rights. Doc. No. 1 at 1-4. The Complaint requests the following relief: 1) the exile of all legislative bodies that have enacted "Stand Your Ground" laws; 2) the exile of George Zimmerman; and 3) one trillion dollars ($1,000,000,000,000,000.00) from "the legislative bodies in the State of Florida and across [the United States]." Doc. No. 1 at 5.[1] Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"). Doc. No. 1 at 4.[2]

On April 15, 2014, the undersigned entered a Report and Recommendation recommending that Plaintiff's IFP Motion (Doc. No. 1 at 4) be denied and the case be dismissed as frivolous. Doc. No. 3. On May 7, 2014, the Court adopted the Report and Recommendation, denied the IFP

---

[1] Despite Plaintiff's requests for exile, the undersigned construes this action as one for monetary damages since Plaintiff has not cited, nor is the undersigned aware of, any basis in common or statutory law that provides for exile as a form for relief.

[2] The IFP Motion was not filed as a separate document, but was embedded in the Complaint.

Motion, and dismissed the complaint as being without merit. Doc. No. 8. On May 15, 2014, Plaintiff filed a Motion to Appeal In Forma Pauperis and Appoint Counsel ("Motion"). Doc. No. 9.[3]

## II. LAW.

### A. The Statute and Local Rules.

The district court is required to review all civil complaints filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of § 1915 applies to all proceedings *in forma pauperis*.[4] Section 1915 provides, in relevant part, as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) Seeks monetary relief against a defendant who is immune from such relief.

*Id*. § 1915(e)(2). A party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See Coppedge v. U.S.*, 369 U.S. 438, 445 (1962); *see also U.S. v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989) *aff'd*, 896 F.2d 558 (11th Cir. 1990). A petitioner demonstrates good faith when he or she seeks appellate review of any issue that is not frivolous. *See Id.*

---

[3] Plaintiff has not yet filed a notice of appeal.

[4] Despite § 1915's reference to actions instituted by prisoners, the section applies to all persons requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

**B. Discretion under § 1915.**

"Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Accordingly, § 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Id.*; *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).

**C. Frivolous Actions under § 1915.**

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[5] Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" *Id*. at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28). Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

**D. Appointment of Counsel.**

There is no absolute right to counsel in civil cases, and appointment of counsel is warranted only in exceptional circumstances. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Exceptional circumstances may exist when the facts or legal issues are "so novel or complex as to

---

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citations omitted). In federal court, individuals may represent themselves or be represented through counsel permitted to practice before the court according to that particular court's rules. 28 U.S.C. § 1654.

    **E.** *Pro Se* **Plaintiff.**

While *pro se* pleadings must be liberally construed, *Berkery v. Kaplan*, 518 F. App'x 813, 814 (11th Cir. 2013), a *pro se* plaintiff "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, if Plaintiff continues *pro se*, he must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

**III.**   **ANALYSIS.**

As was the case in *Hurt v. Zimmerman*, the Complaint fails to demonstrate that Plaintiff has standing to challenge Florida's "Stand Your Ground" law. The threshold showing of an actual case or controversy requires that a plaintiff "must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1251 (11th Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must allege "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions[.]" *Baker v. Carr*, 369 U.S. 186, 204 (1962). Here, Plaintiff, a resident of the District of Columbia (Doc. No. 1 at 1), has not pled the type of immediate, particularized injury-in-fact required to establish standing. *See Lance v. Coffman*, 549 U.S. 437, 440 (2007) ("To have standing . . . a plaintiff must have more than 'a general interest common to

all members of the public.'"). Specifically, Plaintiff does not assert that he was personally injured by any application of the "Stand Your Ground" law, and there are no allegations sufficient to establish that he has standing to contest the same on constitutional (or other) grounds. *See* Doc. No. 1.

Moreover, a state legislature and its members are absolutely immune from an action for damages under § 1983 where the challenged act falls within the sphere of legitimate legislative activity. *Tenney v. Brandhove*, 341 U.S. 367, 376-9 (1951); *see Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731-34 (1980). ("Thus, there is little doubt that . . . if suit had been brought against the legislature, its committees, or members for refusing to amend the Code . . . the defendants in that suit could successfully have sought dismissal on the grounds of absolute legislative immunity."). Here, Plaintiff challenges the enactment of the "Stand Your Ground" law. Doc. No. 1 at 2-4. The enactment of a law, such as the "Stand Your Ground" law, falls squarely within the sphere of legitimate legislative activity. *See, e.g.*, *Masses Pub. Co. v. Patten*, 246 F. 24, 30 (2nd Cir. 1917) ("It is the function of the legislative department to enact law[.]"). Therefore, Defendant is immune from Plaintiff's action for damages under § 1983.

The Court has previously determined that the Complaint is "without merit[.]" Doc. No. 8. Further, the undersigned has considered the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his Complaint. The undersigned finds that there are no exceptional circumstances, such as novel or complex facts and legal issues, in this action necessitating the appointment of counsel. In light of the foregoing, it is **RECOMMENDED** that the Court find that the appeal is frivolous and not taken in good faith, and that the Plaintiff's request for counsel be denied.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 9) be **DENIED**; and

2. Certify that the appeal is not taken in good faith.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 29, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy