UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TYRONE HURT,**

        **Plaintiff,**

**v.**                                                                                  **Case No: 6:14-cv-469-Orl-18GJK**

**STATE OF FLORIDA LEGISLATIVE
BODY,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS AND APPOINT COUNSEL (Doc. No. 14)** |
| **FILED:** | **August 11, 2014** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

**I.**     **BACKGROUND.**

On March 21, 2014, Plaintiff filed a complaint (the "Complaint") against Defendant, pursuant to 42 U.S.C. § 1983. Doc. No. 1 at 1. The gravamen of the Complaint is that Defendant's enactment of the "Stand Your Ground" law violates the United States Constitution and human rights. Doc. No. 1 at 1-4. The Complaint requests the following relief: 1) the exile of all legislative bodies that have enacted "Stand Your Ground" laws; 2) the exile of George Zimmerman; and 3) one trillion dollars ($1,000,000,000,000.00) from "the legislative bodies in the State of Florida and

across [the United States]." Doc. No. 1 at 5.  Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion").  Doc. No. 1 at 4.

On April 15, 2014, the undersigned entered a Report and Recommendation recommending that Plaintiff's IFP Motion be denied and the case be dismissed as frivolous.  Doc. No. 3.  On May 7, 2014, the Court entered an order adopting the Report and Recommendation, denying the IFP Motion, dismissing the Complaint as being without merit, and directing the Clerk to close the case. Doc. No. 8.

Plaintiff has not filed a notice of appeal.  Despite this fact, on May 15, 2014, Plaintiff filed a Motion to Appeal In Forma Pauperis and Appoint Counsel (the "Motion to Appeal IFP").  Doc. No. 9.  On May 29, 2014, the undersigned entered a Report and Recommendation recommending that the Motion to Appeal IFP be denied.  Doc. No. 11.  On June 18, 2014, the Court entered an order adopting the Report and Recommendation and denying the Motion to Appeal IFP.  Doc. No. 13.  On August 11, 2014, Plaintiff filed an Amended Motion to Appeal In Forma Pauperis and Appoint Counsel (the "Motion").  Doc. No. 14.

## II.   LAW.

### A.  Subject Matter Jurisdiction.

Generally, a notice of appeal from an order or judgment in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).[1]  The timely filing of a notice of appeal is "mandatory and jurisdictional." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) (citation omitted).  If the notice is not timely filed, the appellate court lacks jurisdiction to hear the appeal, *Pinion v. Dow Chem.,*

---

[1] Though there are exceptions to this rule that provide a longer period of time for the notice of appeal to be filed, those exceptions do not apply in this case.  *See* Fed. R. App. P. 4(a)(1)(B), 4(a)(4), 4(c).

*U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991), and, consequently, the district court lacks jurisdiction to enter an order granting leave to appeal *in forma pauperis*. *McDaniel v. Wainwright*, 404 F.2d 352 (5th Cir. 1968).[2]

### B. The Statute and Local Rules.

The district court is required to review all civil complaints filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of § 1915 applies to all proceedings *in forma pauperis*.[3] Section 1915 provides, in relevant part, as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) Seeks monetary relief against a defendant who is immune from such relief.

*Id*. at § 1915(e)(2). A party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See Coppedge v. U.S.*, 369 U.S. 438, 445 (1962); *see also U.S. v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989) *aff'd*, 896 F.2d 558 (11th Cir. 1990). A petitioner demonstrates good faith when he or she seeks appellate review of any issue that is not frivolous. *See Id*.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Despite § 1915's reference to actions instituted by prisoners, the section applies to all persons requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

### C. Discretion under § 1915.

"Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Accordingly, § 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Id.*; *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).

### D. Frivolous Actions under § 1915.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[4] Specifically, a complaint is frivolous where it relies on "indisputably meritless legal theor[ies.]" *Id*. at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28). Accordingly, where a district court determines from the face of the complaint that the legal theories are indisputably meritless or the factual allegations are clearly baseless, the court may conclude that the case has little or no chance of success and dismiss the complaint before service has been perfected. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam).

### E. *Pro Se* Plaintiff.

While *pro se* pleadings must be liberally construed, *Berkery v. Kaplan*, 518 F. App'x 813, 814 (11th Cir. 2013), a *pro se* plaintiff "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of § 1915(e)(2).

Therefore, if Plaintiff continues *pro se*, he must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

## III. ANALYSIS.

The Motion should be denied for two (2) principle reasons. First, the Court lacks jurisdiction to consider the Motion. Plaintiff had thirty (30) days from May 7, 2014, the date the Court entered the order dismissing the Complaint (Doc. No. 8), to file a notice of appeal. However, Plaintiff has not filed a notice of appeal. Therefore, the Court lacks jurisdiction to consider the Motion. *McDaniel*, 404 F.2d 352. Second, the appeal is frivolous and not taken in good faith for the reasons stated in the undersigned's Report and Recommendation regarding Plaintiff's Motion to Appeal IFP (Doc. No. 11). Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 14) be **DENIED**.

**The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 27, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy